UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANA REYES, ET AL., | Case No. 1:21-cv-01340-CDB |
|---|---|
| Plaintiffs, | ORDER ON STIPULATION AMENDING SCHEDULING ORDER **AS MODIFIED** |
| v. | (ECF No. 19) |
| COUNTY OF KERN, ET AL., | |
| Defendants. | |

Defendants removed this case from Kern County Superior Court on September 7, 2021. (ECF No. 1). In the operative complaint, Plaintiff asserts causes of action for violation of civil rights (42 U.S.C. § 1983), wrongful death, medical malpractice and related claims of negligence.

On December 7, 2022, the Court issued a scheduling order that provided the parties with, among other things, a nine-month period to complete fact discovery. (ECF No. 12). In a joint report filed April 22, 2022, the parties represented to the Court that discovery was proceeding on-schedule and no impediments to completing discovery were anticipated. (ECF No. 14).

On September 12, 2022 – the date set for the close of fact discovery – Defendants filed a stipulation in which the parties requested that the Court grant a four-month continuance in discovery, motion and trial dates. (ECF No. 16). The supporting declaration of Defendants' attorney Kathleen Rivera represented that such a continuance was warranted given delays in discovery "due to the press of business," including the loss from Ms. Rivera's office of three

1  attorneys eight months prior.  Ms. Rivera also explained that this case has produced a voluminous
2  record of over 2,500 pages in documents.  *Id*. at 4.  There is no indication in the affidavit or
3  stipulation as to why this information was not included in the parties' mid-discovery joint report
4  filed in April 2022.  *See* Local Rule 144(d) ("Counsel shall seek to obtain a necessary extension
5  from the Court or from other counsel or parties in an action as soon as the need for an extension
6  becomes apparent.").  In its order on the stipulation, the Court found good cause shown and granted
7  what it termed a "lengthy" continuance as requested by the parties.  (ECF No. 17).  The Court
8  stated:  "The Court will not grant further continuances, absent good cause, which will be narrowly
9  construed."

10  On December 20, 2022, Plaintiffs filed a stipulation in which the parties request a second,
11  120-day extension in the discovery, motion and trial dates.  (ECF No. 19).  The stipulation is
12  supported by the declaration of Plaintiffs' attorney Dev Das in which he attests that an additional
13  extension is warranted in part because another attorney is replacing him and needs time to
14  familiarize himself with the case file.  Mr. Das echoes Ms. Rivera's pervious invocation of "the
15  press of business" as further justification for the requested extension.

16  \*     \*     \*     \*     \*

17  Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for
18  good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause'
19  standard primarily considers the diligence of the party seeking the amendment."  *Johnson v.*
20  *Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).

21  Separately the Court may deny a motion for leave to amend if permitting an amendment
22  would, among other things, cause an undue delay in the litigation or prejudice the opposing party.
23  Courts have found amendments to be prejudicial when leave to amend is requested as a discovery
24  deadline nears or has already passed.  *See, e.g., Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080,
25  1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d 980, 986 (9th Cir.
26  1999).  Prejudice is inherent where the requested leave to amend is made shortly before discovery
27  closes with a looming trial date and pending dispositive motions.

28  Based on the pleadings, the earlier request for and grant of a four-month extension, and

Mr. Das's declaration filed in connection with the current request for extension, the Court finds good cause to grant only a <u>60-day extension</u>.

Accordingly, based on the parties' representations in the stipulation and for good cause shown, IT IS HEREBY ORDERED that the scheduling order be amended as follows:

| Deadline | Current | Amended |
|---|---|---|
| Discovery cut off: | 01/12/2023 | 03/13/2023 |
| Expert Disclosure: | 01/26/2023 | 03/27/2023 |
| Supp. Expert Disclosure: | 02/27/2023 | 04/28/2023 |
| Expert Discovery Cut Off: | 03/14/2023 | 05/15/2023 |
| Non Dispositive Motion Filing: | 04/05/2023 | 06/05/2023 |
| Non Dispositive Motion Hearing: | 05/03/2023 | 07/06/2023 |
| Dispositive Motion Filing: | 04/28/2023 | 06/26/2023 |
| Dispositive Motion Hearing: | 05/23/2023 | 07/25/2023 |
| Pre-Trial Conference Date: | 07/10/2023 | 09/08/2023 |
| Trial | 08/21/2023 | 10/23/2023 |

Further requests for discovery, motion or trial extensions based on "press of business" reasons are strongly discouraged and no requests for extension will be granted without a showing of diligence by the parties and good cause.

IT IS SO ORDERED.

Dated:   **December 21, 2022**

UNITED STATES MAGISTRATE JUDGE