UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA REYES, *et al*.<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF KERN,<br><br>    Defendant. | Case No. 1:21-cv-01340-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE MOTIONS TO APPOINT GUARDIAN *AD LITEM* FOR L.H.B. AND P.H.B.<br><br>(Docs. 22, 23) |

On September 7, 2021, Defendant County of Kern removed this action filed by Plaintiffs in Kern County Superior Court. (Doc. 1). Currently before the Court are Plaintiff L.H.B. and P.H.B.'s motions to appoint Christina Hungerford as their guardian *ad litem*, filed February 2, 2023. (Docs. 22, 23). Because the motions do not comply with Local Rule 202, the Court will deny the motions without prejudice.[1]

LEGAL STANDARD

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). In addition, a court "must appoint a guardian *ad litem* - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The

---

[1] The Court will hold in abeyance Plaintiffs' pending, stipulated motion for leave to amend the complaint to add the proposed guardian *ad litem* as a named plaintiff (Doc. 25) until Plaintiffs resolve the issues addressed herein and a guardian *ad litem* is appointed.

capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian *ad litem* to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian *ad litem*, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the induvial during the litigation. *See id*. (noting, "[a] guardian *ad litem* is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the

application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

DISCUSSION

The motions were filed on February 2, 2023, and state that Plaintiffs L.H.B. and P.H.B. are five and four years old, respectively. (Docs. 22, 23). No previous motion for appointment of a guardian *ad litem* has been filed in this matter.[2] The proposed guardian *ad litem*, Christina Hungerford, declares she is competent, responsible, able and willing to serve as the guardian *ad litem*. (Docs. 22-1, 23-1). As L.H.B. and P.H.B.'s parent, Christina Hungerford is qualified to understand and protect the minors' rights and attests she can "appropriately serve and protect [their] best interests in this action." *Id*. Ms. Hungerford, however, does not disclose and does not represent whether she has any interests adverse to the interests of her children whom she seeks to represent.

The motions separately do not comply with Local Rule 202(c). Although Plaintiffs L.H.B. and P.H.B. have appeared through counsel in this matter, the motion does not disclose the terms under which the attorney was employed; whether the attorney became involved in the application at the insistence of any of the Defendants, directly or indirectly; whether the attorney stands in any relationship to Defendants; and whether the attorney has received or expects to receive any

---

[2] Local Rule 202 requires upon commencement of an action, the attorney representing the minor must present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court or, (3) a showing satisfactory to the Court that no such appointment is necessary. Local Rule 202(a). Plaintiffs' motions were filed more than a year after this case was removed to this Court. Counsel for Plaintiffs does not address the reasons for the delay, if any.

compensation, from whom, and the amount. *See* E.D. Cal. Local Rule 202(c). The Court will therefore deny the motion without prejudice to refiling a motion that complies with Local Rule 202 and in support of which the proposed guardian *ad litem* represents that she has no interests adverse to the minors she seeks to represent.

## CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Plaintiffs' motions to appoint Christina Hungerford as guardian *ad litem* for L.H.B. and P.H.B. are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **February 6, 2023**

UNITED STATES MAGISTRATE JUDGE