UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA REYES, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, ET AL., <br><br> Defendants. | Case No. 1:21-cv-01340-CDB <br><br> ORDER ON STIPULATION AMENDING SCHEDULING ORDER **AS MODIFIED** <br><br> (ECF No. 24) |

Pending before the Court is the parties' stipulated request to amend the case management dates – the third such request filed in this case in less than five months. (ECF No. 24). The stipulation is not accompanied by a supporting declaration as required by the scheduling order entered in December 2021 (ECF No. 12 at p. 6). In their unsworn representations, counsel assert that a four-month extension in all discovery, pretrial motion and trial dates is warranted for two reasons: the recently proposed guardian ad litem will be unavailable to appear for a deposition until late-May 2023 (at least two months after the current close of discovery), and one of plaintiffs' assigned attorneys recently departed the representing law firm, resulting in the reassignment of a newly joined attorney (and, presumably, a need for additional time to familiarize himself with the case).

Regarding plaintiffs' proffered need for additional time due to the recent reassignment of counsel, in the parties' earlier request for a second extension of the case management dates, former

counsel attested he was transitioning out of the law firm representing plaintiffs on December 9, 2022. (ECF No. 19). The Court found that the anticipated assignment of replacement counsel presented good cause for a two-month discovery extension, but not the four months the parties requested, for two reasons. First, the request for extension was made just three weeks prior to the close of the already-extended period to conduct fact discovery, and presumably at a time where the majority of fact discovery already had been completed. Second, another of plaintiffs' lawyers noticed in the case (Benjamin Meiselas) has been involved in the action since as early as December 2021 (*see* ECF No. 9), and presumably is knowledgeable enough about the case to assist with the transition to the newly assigned attorney.

As for the anticipated unavailability of the newly proposed guardian ad litem to appear for deposition, the Court questions why plaintiffs waited more than one year after the beginning of fact discovery to identify and move the Court to appoint a guardian for the two minor successors-in-interest named as plaintiffs – and why defendants did not alert the Court, and seemingly plaintiffs, of the need for appointment of a guardian ad litem before this late juncture.

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992). As the Court recounted in its order granting the parties' first request for a four-month extension in the case management dates, any further requests for extensions by the parties would be "narrowly construed." (ECF No. 17).

The parties' stipulation presents limited good cause for a narrowly tailored extension in the period to complete fact discovery to accommodate the anticipated deposition of the proposed guardian ad litem, but no additional fact discovery may be undertaken following the scheduled termination on March 13, 2023. Additionally, the Court will extend the dates for dispositive motions to account for the belated deposition of the proposed guardian ad litem and grant a brief continuance of the Pretrial Conference. No other extensions will be granted.

Accordingly, based on the parties' representations in the stipulation and for good cause

///

shown, IT IS HEREBY ORDERED that the scheduling order be amended as follows:

| Deadline | Current | Amended |
|---|---|---|
| Fact Discovery cut off: | 03/13/2023 | 03/13/2023** |
| ** The deposition of the proposed guardian ad litem may be taken no later than 06/05/2023 | | |
| Expert Disclosure: | 03/27/2023 | 03/27/2023 |
| Supp. Expert Disclosure: | 04/28/2023 | 04/28/2023 |
| Expert Discovery Cut Off: | 05/15/2023 | 05/15/2023 |
| Non-Dispositive Motion Filing: | 06/05/2023 | 06/05/2023 |
| Non-Dispositive Motion Hearing: | 07/06/2023 | 07/21/2023 |
| Dispositive Motion Filing: | 06/26/2023 | 08/07/2023 |
| Dispositive Motion Hearing: | 07/25/2023 | 09/13/2023 |
| Pre-Trial Conference Date: | 09/08/2023 | 10/02/2023 |
| Trial | 10/23/2023 | 10/23/2023 |

Further requests for discovery, motion or trial extensions are discouraged and no requests for extension will be granted without a showing of diligence by the parties and good cause.

IT IS SO ORDERED.

Dated:   **February 6, 2023**

UNITED STATES MAGISTRATE JUDGE

3