UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA REYES, *et al.*<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF KERN,<br><br>　　　　Defendant. | Case No. 1:21-cv-01340-CDB<br><br>ORDER ON STIPULATION GRANTING LEAVE TO AMEND COMPLAINT<br><br>(Doc. 25) |

On September 7, 2021, Defendant County of Kern removed this action filed by Plaintiffs in Kern County Superior Court. (Doc. 1). Pending before the Court is the parties' stipulation for leave to file a first amended complaint. (Doc. 25). The proposed amendments add Christina Hungerford as named Plaintiff in her capacity as guardian *ad litem* and seek to anonymize the names of the Plaintiff minors (L.H.B. and P.H.B.).

**Legal Standard**

Where a party seeks to amend her complaint more than 21 days after an adverse party responds to the complaint, the party must first obtain the adverse party's consent or leave of court. Fed. R. Civ. P. 15(a)(1) & (2). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (citing *Morongo Band of Mission*

*Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).  Granting or denying leave to amend a complaint under Rule 15 is in the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

**Discussion**

The Court has considered the *Nunes* factors and concludes based on the parties' stipulation (Doc. 25) that good cause warrants extending to Plaintiffs leave to amend their complaint in the manner proposed.

With respect to the parties' stipulated proposal to anonymize in the amended complaint the full names of the minor Plaintiffs, the Court notes that Plaintiffs arguably have waived the protection of Fed. R. Civ. P. 5.2(a) because they have made and continue to make public/non-sealed filings in which the minors are identified by their full names. *E.g.* Docs. 9, 10, 14, 25. *See* Rule 5.2(h) ("A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal."). *See also Elliott v. Solis*, No. 1:17-cv-01214-LJO-SAB, 2017 WL 4811747, *1 n.1 (E.D. Cal. Oct. 24, 2017).  Nevertheless, given that the parties have stipulated to anonymization of the minors' full names in the proposed amended complaint, the Court finds good cause to grant the request.

Accordingly, for good cause appearing, IT IS HEREBY ORDERED:

1. Within seven days of entry of this Order, Plaintiffs shall file the first amended complaint (Doc 25-2) electronically as a standalone docket entry in this case.  Upon

filing, the first amended complaint will become the operative complaint in this action; and

2. Pursuant to Fed. R. Civ. P. 15(a)(3), Defendants shall have 14 days following service of the first amended complaint to file a response.

IT IS SO ORDERED.

Dated:   **February 14, 2023**

UNITED STATES MAGISTRATE JUDGE

3