# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411FD
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARCUS PETOYAN          SBN 109817
DANIEL TAPETILLO       SBN 297658

Attorneys for ANNA REYES, LEX HUNGERFORD BARRIOS, and PENELOPE
HUNGERFORD BARRIOS, individually and as successors-in-interest to ANGEL
BARRIOS

*Sidebar:* GERAGOS & GERAGOS, APC · HISTORIC ENGINE CO. NO. 28 · 644 SOUTH FIGUEROA STREET · LOS ANGELES, CALIFORNIA 90017-3411

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF KERN

| | |
|---|---|
| ANNA REYES, L.H.B., a minor, by and through his Guardian ad Litem CHRISTINA HUNGERFORD; P.H.B., a minor,, by and through her Guardian ad Litem CHRISTINA HUNGERFORD, individually and as successors-in-interest to ANGEL BARRIOS,<br><br>            Plaintiffs,<br><br>    *vs.*<br><br>COUNTY OF KERN on behalf of: KERN COUNTY SHERIFF'S OFFICE; DOES 1-60<br><br>            Defendants. | **Case No.**<br>**1:21-CV-01340-CDB**<br>*The Honorable Judge Christopher D. Baker*<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR:**<br>    1. **WRONGFUL DEATH**<br>    2. **MEDICAL MALPRACTICE**<br>    3. **NEGLIGENT SUPERVISION**<br>    4. **VIOLATION OF CIV. CODE SECTION 52.1**<br>    5. **VIOLATION OF CIVIL RIGHTS-42 U.S.C. SECTION 1983**<br>    6. **VIOLATION OF CIVIL RIGHTS—*MONELL* CLAIM** |

**COMES NOW** Plaintiff ANNA REYES, Plaintiff L.H.B., a minor, by and through is Guardian ad Litem CHRISTINA HUNGERFORD, and Plaintiff P.H.B., a minor, by and through her Guardian ad Litem CHRISTINA HUNGERFORD (hereinafter "Plaintiffs"), and allege causes of action against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE; DOES 1-60 (hereinafter "Defendants") as follows:

## INTRODUCTION

1. Anna Reyes, L.H.B., and P.H.B. as individuals and successors in interest, bring this action against Defendant County of Kern ("the County") and against unidentified state actors working under the color of state law for Kern County Sheriff's Office ("Sheriffs" or "KCSO") for negligent, reckless and deliberate failures which together caused the untimely death of their late son and father, Angel Barrios ("Angel" or "Mr. Barrios"), on or around September 6, 2020. Plaintiffs L.H.B. and P.H.B. sue under fictitious names because they are minors, to preserve their privacy in the sensitive matters giving rise to this suit, and to reduce their exposure to retaliatory physical or mental harm.

2. Together, Defendants were jointly and exclusively responsible for caring for Mr. Barrios after he was arrested and while in custody at Lerdo Pretrial Facility, where he was suffering from symptoms of Bipolar Disorder. Mr. Barrios' illness and condition were highly treatable, and his death would not have ordinarily occurred absent negligence, reckless conduct, and deliberate indifference to his medical needs on the part of the Lerdo Pretrial Facility staff.

## PARTIES

3. Anna Reyes is an individual who currently resides in the state of California. She is Mr. Barrios' mother and his successor-in-interest. On information and belief, Ms. Reyes depended on her late son, Angel Barrios, for some degree of financial support.

4. Plaintiff L.H.B. is a minor. By order of this Court, CHRISTINA HUNGERFORD has been appointed as Guardian ad Litem to represent the interests of her minor child, L.H.B. Plaintiff P.H.B. is also a minor. By order of this Court, CHRISTINA

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1    HUNGERFORD has been appointed as Guardian ad Litem to represent the interests of her

2    minor child, P.H.B.

3        5.    At all relevant times, Defendant County of Kern ("the County") was a

4    governmental entity organized and existing under the laws of the State of California, and

5    assumes the liabilities for the Kern County Sheriff's Office. The Kern County Sheriff's

6    Office ("Sheriffs" or "KCSO") is a law enforcement agency which serves Kern County,

7    California.

8        6.    Plaintiffs are unaware of the true names and capacities of the Defendants

9    named herein as DOES 1-60, inclusive, and therefore sue said Defendants by such fictitious

10    names. Plaintiffs will seek leave of court to amend this complaint to allege the true names

11    and capacities of said Defendants when their identities are ascertained. Plaintiffs are

12    informed and believe and thereon allege that each of the aforesaid factiously named

13    Defendants are responsible in some manner for the happenings and occurrences alleged here,

14    and that Plaintiffs' damages and injuries were caused by the conduct of said Defendants.

15

16                        **PROCEDURAL HISTORY**

17        7.    On March 2, 2021, Mr. Barrios' mother, Anna Reyes, filed a claim against the

18    County on behalf of the Kern County Sheriff's Office pursuant to Government Code section

19    910, *et seq*. On April 15, 2021, County claims administrators responded by denying the

20    claim.

21        8.    On March 5, 2021, Mr. Barrios' children, L.H.B. and P.H.B. filed claims

22    against the County on behalf of the Kern County Sheriff's Office pursuant to Government

23    Code Section 910, et seq. On April 15, 2021, County claims administrators responded by

24    denying the claims.

25

26                    **JURISDICTION, VENUE, AND NOTICE**

27        9.    This Court has jurisdiction over the entire action by virtue of the fact that this

28    is a civil action wherein the matter in controversy, exclusive of interests and costs, exceeds

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 3 -

1    the jurisdictional minimum of the Court.

2        10.    Defendants have been served with a Government Tort Claim pursuant to

3    Government Code section 910, *et seq*. Defendants rejected said claim, such that this action is

4    ripe and timely.

5

6                          **FACTUAL BACKGROUND**

7        11.    Mr. Barrios was arrested on or around August 16, 2020. Following his arrest,

8    he was held at Lerdo Pretrial Facility, in Bakersfield, California.

9        12.    Mr. Barrios had long lived with Bipolar Disorder, having been diagnosed

10   around the age of nine. While in custody at Lerdo Pretrial facility, Mr. Barrios did not have

11   his medication, which he needed to mitigate the symptoms of his mood disorder. On

12   information and belief, Mr. Barrios repeatedly informed medical staff and guards at Lerdo

13   that he suffered from Bipolar Disorder and requested his medication. But inexplicably, Lerdo

14   failed to provide him with the medication he needed to regulate his mood.

15       13.    After being detained for less than a month and enduring the withdrawal

16   symptoms of abruptly halting the use of his medication to treat his Bipolar Disorder, Mr.

17   Barrios tragically committed suicide by hanging on or around September 6, 2020.

18       14.    Following his death, the staff at the Lerdo Pretrial Facility refused to provide

19   Mr. Barrios' mother, Anna Reyes, with reports regarding her son's death and denied her

20   access to the note that Mr. Barrios wrote prior to his death.

21       15.    On information and belief, the County knew of Mr. Barrios' serious mental

22   condition, and deliberately refused to appropriately monitor him and treat him, which led to

23   Mr. Barrios' hanging himself.

24       16.    For all these reasons, Plaintiffs bring the following causes of action.

25

26                       **FIRST CAUSE OF ACTION**

27                       **(Negligence—wrongful death)**

28              **(Against Defendant County and Defendants DOES 1-65)**

- 4 -
PLAINTIFFS' COMPLAINT FOR DAMAGES

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

17.     Plaintiffs bring this claim for relief in their capacities as the successors-in-interest and personal representatives of the Decedent, Angel Barrios.

18.     The circumstances surrounding Mr. Barrios' death lead to an inference of negligence. Mr. Barrios committed suicide while in the custody of the Lerdo Pre-trial Facility, which is operated by the Kern County Sheriff's Office.  The Kern County Sheriff's Office exclusively had a duty of care to ensure that Mr. Barrios was monitored and provided with the necessary medication to treat his mental illness.

19.     In the absence of evidence to the contrary, the Kern County Sheriff's Office is presumed responsible for Mr. Barrios' death because they were exclusively charged with his custody and care during the weeks prior to and immediately before his death.

20.     Accordingly, The Sheriffs' failure to care for Mr. Barrios while he was in custody, by providing the necessary treatment for his mental illness, is presumptively the actual and proximate causes of his untimely death.

21.     Mr. Barrios' death would not have occurred absent Defendant's wrongful conduct. Damages include, but are not limited to, the loss or damage that the decedent sustained or incurred before death, including Mr. Barrios' loss of income and any punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.

22.     The County is also liable for all damages under the circumstances which may be just, including but not limited to emotional distress, loss of consortium, loss of companionship, loss of love and support, and funeral and burial expenses.

## SECOND CAUSE OF ACTION

### Medical Malpractice/Professional Negligence

23.     Plaintiffs reallege and incorporate by reference all previous allegations here.

24.     Plaintiffs brings this cause of action pursuant to Code of Civil Procedure section 377.30.

25.     During Mr. Barrios' custody, individual Defendants, identified here as DOES

- 5 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1-65, and to be named at a later date, were made aware that Mr. Barrios had Bipolar Disorder and that he needed medication to regulate it. Mr. Barrios specifically requested access to his medication. Given that Mr. Barrios was in Defendants' custody and relied on them to provide him with the medical care he needed, Defendants developed a caregiver relationship with Mr. Barrios and had a duty to provide Mr. Barrios with skillful management of his mental health condition, including ensuring his right to basic needs and safety.

26. On information and belief, as a direct and proximate result of the substandard and negligent care and treatment delivered and provided to Mr. Barrios by DOES 1 to 60, Mr. Barrios suffered significantly from his mental illness, which ultimately led to his death at Lerdo Pretrial Facility.

27. During said periods of time herein above alleged, Defendants, and each of them, were negligent, careless and unskillful in the management of Mr. Barrios' condition, and engaged in other actionable conduct, thereby exacerbating his injuries, causing damages leading to pain and suffering and ultimately to his death. On information and belief, said conduct included negligent evaluation, monitoring, treatment, and prescription medication management.

28. Defendants, and each of them, breached their duties and failed to adhere to the standard of practice in the community with respect to treating conditions similar to those of Mr. Barrios at the time. Defendants' breach foreseeably and legally enabled Mr. Barrios to fall victim to his mental health that, with reasonable due diligence by Defendants' staff, could have been easily avoided. Defendants' careless breach has caused general damage in an amount presently unknown but consistent with this Court's jurisdiction. Plaintiff seeks leave of Court to insert the exact amount thereof when it is known.

29. On information and belief, as a direct, proximate and legal result of Defendants' negligence, careless and recklessness, Mr. Barrios suffered severe physical and emotional injuries and conditions as described above. Plaintiffs, as Mr. Barrios' successors-in-interest, are entitled to all exemplary, punitive, and any other damages Mr. Barrios would have been entitled to had he lived.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

## **THIRD CAUSE OF ACTION**

### **(Negligent Supervision)**

### **Against DOES 1-65**

30.     Plaintiff realleges and incorporates by reference all previous allegations here.

31.     At all times, DOES were acting within their duties as State and County employees.

32.     Defendants DOES had a duty of due care in the hiring, training, and supervision of employees.

33.     Plaintiff is informed and believes, and on that basis alleges, that Defendants and DOES failed to properly and reasonably train and supervise their employees to safely monitor and care for patients or inmates with physical and/or mental health problems.

34.     Defendants DOES breached their duty by failing to adequately training employees as well as failing to adequately supervise employees.

35.     As a direct and proximate result of DOES' negligent training and supervision of employees, Plaintiff was injured.

## **FOURTH CAUSE OF ACTION**

### **(Violation of Civil Code section 52.1)**

36.     Plaintiffs reallege and incorporate by reference all previous allegations here.

37.      DOES 1-60, acting within the scope of their duties as County employees, caused the death of Mr. Barrios.

38.      The County is liable for the acts, omissions and conduct of its employees, including DOES 1-60, whose reckless conduct caused Mr. Barrios' untimely death.

39.      Defendants' conduct constituted interference with Mr. Barrios' exercise and enjoyment of his rights secured by the Constitution and laws of the United States, and by the Constitution and laws of the State of California, including his right to be protected while in custody and his right to be free from affirmative state conduct that put him in danger.

40.     Defendants' violations of Mr. Barrios' rights proximately caused his untimely death, which would not have occurred absent said violations.

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

41.     Accordingly, Plaintiffs seek whatever equitable relief may be appropriate to curb future violations of a similar nature.

## FIFTH CAUSE OF ACTION

### (Violation of Civil Rights—42 U.S.C. section 1983)

### Plaintiffs against Defendant County and DOES 1-65

42.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43.     Defendants were, at all relevant times, acting under color of state law in violating Plaintiffs' constitutional rights under the Fourth and Eighth Amendments to the Constitution of the United States. The applicable provisions of the Fourth and Eighth Amendments are applicable against the states pursuant to the Fourteenth Amendment to the Constitution of the United States and actionable through 42 U.S.C. Section 1983.

44.     On information and belief, Defendants deprived Mr. Barrios of rights, privileges, and immunities secured to him by the Fourth, Eighth and/or Fourteenth Amendments to the Constitution of the United States by, *inter alia*, deliberately failing to care for Mr. Barrios in light of his mental illness and by failing to ensure that he was provided the necessary medication to manage his illness.

45.     Mr. Barrios had a constitutional right to be protected while in custody and a right to be free from state created danger under the Fourth Amendment. The County's actors put Mr. Barrios in danger by deliberately denying Mr. Barrios his medication to treat his Bipolar Disorder and by inadequately monitoring him after learning of his illness. The County's deliberate indifference to Mr. Barrios' mental illness and what he needed to manage it violated Mr. Barrios' rights to be free from state-created danger under the Fourth Amendment.

46.     The County's failure to ensure Mr. Barrios' care while in its custody also violated Mr. Barrios' protection against cruel and unusual punishment under the Eighth Amendment.

47.     On Plaintiffs' information and belief, Mr. Barrios was denied the medication

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

he needed, despite the Sheriffs being aware of his illness and the potentially fatal consequences of not receiving adequate care. The County's deliberate indifference to Mr. Barrios' medical needs foreseeably caused Mr. Barrios' untimely death.

48.     In doing the foregoing wrongful acts, Sheriffs' Deputies and personnel of Lerdo Pre-Trial Facility, identified here as DOES 1-60, acted in reckless and callous disregard of Mr. Barrios' constitutional rights. Defendants' acts, and each of them, were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each individual DOE Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

## SIXTH CAUSE OF ACTION

### (Violation of Civil Rights—*Monell* Claim)

### Plaintiffs against Defendant County of Los Angeles

49.     Plaintiffs Anna Reyes, L.H.B., and P.H.B. reallege and incorporate by reference all previous allegations here.

50.     Defendant Kern County knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.

51.     On information and belief, these policies include, but are not limited to, the deliberately indifferent training of its law enforcement officers in the evaluation and custodial control of arrestees with medical conditions. Defendant County's failure to ensure the training of these government actors amounts to deliberate indifference to the rights of persons with whom they come into contact and their risks for harm while in the County's care.

52.     Plaintiffs are informed and believe, and thereon allege, that the customs and policies were the moving force behind the violations of Plaintffs' and Mr. Barrios' rights, based on the principles set forth in *Monell v. New York City Dep't of Social Services* (1978)

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

*436* U.S. 658 (holding that a local municipality can be sued as an individual where there is a deprivation of constitutional rights flowing from government policy or custom).

53.    On information and belief, the above-described failures in policy making and customs demonstrated a deliberate indifference on the part of Defendant County's policy makers to the constitutional rights of persons within their jurisdiction, and were the cause of the violations of Mr. Barrios' civil rights as alleged.

54.    As a proximate result of Defendants' wrongful acts, Mr. Barrios sustained general damages, including pain and suffering, loss of life and other hedonic damages, in an amount in accordance with proof. Mr. Barrios' injuries and subsequent death would not have occurred absent said violations.

**WHEREFORE, Plaintiffs pray for judgment as follows:**

1.  For general damages in an amount to be determined by proof at trial;

2.  For special damages in an amount to be determined by proof at trial;

3.  For punitive and exemplary damages;

4.  For costs of suit;

5.  For reasonable attorneys' fees as provided by statute; and

6.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED:                                    **GERAGOS & GERAGOS, APC**

By:_____
     MARCUS PETOYAN
     DEV DAS
     Attorneys for Plaintiffs

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411