UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA REYES, *et al*.<br><br>              Plaintiffs,<br><br>   v.<br><br>COUNTY OF KERN.<br><br>             Defendant. | Case No. 1:21-cv-01340-CDB<br><br>ORDER REQUIRING PLAINTIFFS TO SUBMIT SUPPLEMENTAL BRIEFING ON STIPULATED PETITION FOR APPROVAL OF MINOR'S COMPROMISE OF CLAIMS<br><br>(Doc. 43)<br><br>**14-DAY DEADLINE** |

Pending before the Court is Plaintiffs Anna Reyes, L.H.B. and P.H.B.'s (hereinafter collectively "Plaintiffs") stipulated petition for approval of minors' compromise of claims. (Doc. 43).[1] Plaintiffs L.H.B. and P.H.B. bring this application through their parent and guardian ad litem, Christina Hungerford ("Hungerford"). (Doc. 30)

**Background**

On or around August 16, 2020, Angel Barrios, Anna Reyes's son, and the father of L.H.B. and P.H.B., was arrested. (Doc. 43 at 2-3). Following his arrest, Mr. Barrios was held at Lerdo Pretrial Facility in Bakersfield, California, in the custody of the Kern County Sheriff's Office. *Id*. at 2. On or

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge and this action has been assigned to Magistrate Judge Christopher D. Baker for all purposes. (Docs. 7-8, 11, 18).

1

about August 21, 2020, Mr. Barrios underwent a correctional behavioral health screening, wherein Mr. Barrios asked that he be evaluated by the psychiatrist and be provided medication in order to treat his mental illness, including his bipolar disorder. *Id*. Mr. Barrios denied being a harm to himself or others at that time and Lerdo Pre-Trial Facility staff placed him on a list to be seen by the psychiatrist. *Id*. "On or about September 6, 2020, Lerdo Pre-Trial Facility staff found Mr. Barrios unconscious and without a pulse as he hung from inside his cell." *Id*. Mr. Barrios never regained consciousness and passed away. *Id*. Mr. Barrios had not been seen by the psychiatrist at the time of his death. *Id*.

On August 11, 2021, Plaintiffs filed a complaint against the County of Kern, on behalf of the Kern County Sheriff's Office ("Defendant"), in the Superior Court of the State of California, County of Kern. (Doc. 1). Plaintiffs raised the following claims against Defendant: (1) wrongful death, (2) medical malpractice, (3) negligent supervision, (4) violation of Cal. Civil Code § 52.1, (5) violation of 42 U.S.C. § 1983, and (6) a deprivation of Plaintiffs and Mr. Barrios' constitutional rights under *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). *Id*. at 7-13. On September 7, 2021, Defendant removed the action to this Court. (Doc. 1). After denying Plaintiffs' initial guardian ad litem applications (Doc. 26), on February 14, 2023, the Court issued an order appointing Hungerford as L.H.B. and P.H.B.'s guardian ad litem. (Doc. 30). On February 16, 2023, Plaintiffs filed the now operative, first amended complaint. (Doc. 32).

On July 14, 2023, the parties filed a notice of settlement pending approval of minor's compromise. (Doc. 41). Thereafter, Plaintiffs filed the instant stipulated petition for approval of minors' compromise claim. (Doc. 43). The total settlement of the case is in the amount of $29,000.00, including all costs and attorney's fees. *Id*. at 3. The parties have agreed Plaintiffs L.H.B. and P.H.B.'s gross settlement shall be $9,457.36. *Id*. at 5.

From the balance of the $29,000.00 total settlement, the petition requests $4,728.68 be distributed to Plaintiff Anna Reyes. *Id*. at 4-5. Further, the petition requests $14,813.96 be deducted for costs and expenses that were incurred and/or advanced by counsel ($7,250.00) and attorney's fees ($7,563.96). *Id*. at 4.

/ / /

**Legal Standard**

District courts have a special duty to safeguard the interests of litigants who are minors. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). Among other things, a court reviewing a proposed minor's compromise must "determine whether the *net amount* distributed to each minor plaintiff in the proposed settlement is fair and reasonable." *Id.* at 1179 (emphasis in original).[2]

The Local Rules for this district provide that "[n]o claim by or against a minor…may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b). Under the circumstances of this case, the motion for approval of a proposed settlement, consistent with Local Rule 202, must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the

---

[2] This holding applies only as to a district court's review of the settlement of a minor's *federal claims*. *Robidoux*, 638 F.3d at 1179 n.2. District courts within the Ninth Circuit apply this same standard to the entirety of a settlement where they exercise federal question jurisdiction and supplemental jurisdiction over additional state law claims. *See e.g.*, *A.G.A. v. County of Riverside*, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *2 n.1 (C.D. Cal. April 26, 2019) (collecting cases).

amount." L.R. 202(c).  Local Rule 202 also provides guidelines regarding the disbursements of money to minors:

> Money or property recovered on behalf of a minor will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor.

L.R. 202(e).  Additionally, the Court must consider if the "net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases."  *Robidoux*, 638 F.3d at 1181-82.

**Discussion**

The Court must first consider whether the application satisfies the requirements of Local Rule 202(b)(2).  The application notes L.H.B. and P.H.B. are six and five years old respectively, and the children of Mr. Barrios.  (Doc. 43 at 3).  The applications identify the claims to be settled and the minors' damages arising from the death of their father.  *Id*.

The application also provides relevant background concerning this action, including the time, place, and persons involved.  *Id*. at 2.  The petition states "Petitioners, through the assistance of counsel, have made a careful and diligent inquiry and investigation to ascertain the facts related to the incidents described in the Complaint."  *Id*. at 4.  The petition confirms "Petitioner fully understands that if Petition for Minor's Compromise is approved by the Court and is entered, said minors will be forever barred from seeking any further recovery from Kern County".  *Id*.  Further "Petitioners … recommend and request this Court's approval of this Petition for Minor's Compromise, as well as the distribution of those funds as set forth in this Petition as being fair, reasonable, and in the best interest of said minors."  *Id*.

However, the petition fails to disclose sufficient information "to enable the Court to determine the fairness of the settlement or compromise" (L.R. 202(b)(2)), such as the factors relevant to the parties' arrival at the compromise amount, information on the steps the parties took to obtain this settlement and the risks and costs of bringing this case through additional litigation or trial.  Therefore, the Court shall order supplemental briefing to address this issue.

The Court next considers whether the petition satisfies the requirements of Local Rule 202(c). Plaintiffs L.H.B. and P.H.B. are represented by the law firm of Geragos & Geragos APC. *See generally* (Doc. 43). The petition fails to set forth information concerning the terms under which the firm was retained; whether the firm became involved in the application at the instance of the party against whom the causes of action are asserted; and whether the firm stands in any relationship to that party. The Court finds the application has not met the requirements of Local Rule 202(c). Therefore, the Court shall order supplemental briefing to address this issue.

Next, the Court must determine whether the disbursement of the proposed settlement is appropriate pursuant to Local Rule 202(e). Under California law, the conditions for disbursement of settlement funds to a minor differ depending on the amount of the settlement. *I.R. v. City of Fresno*, No. 1:12-cv-00558-AWI-GSA, 2015 WL 150808, at *4 (E.D. Cal. Jan. 12, 2015). When the balance of a settlement to be paid to a minor is less than or equal to $5,000, a court may order that the balance "paid or delivered to a parent of the minor" be held in trust. *See* Cal. Prob. Code §§ 3401, 3611(e).

Here, the Court requires additional clarification about the petition's proposed method of distribution. The petition states the sum of $9,457.36, divided between the two minors, shall be made payable by the County of Kern to guardian ad litem Hungerford through their attorney's client trust account, Geragos & Geragos IOLTA. (Doc. 43 at 5). It is unclear whether the minors will have access to these funds immediately, at the age of majority, and what restrictions if any shall be attached to the distribution. *See e.g., Parson v. City of Bakersfield*, No. 1:07-cv-01468-OWW-DLB, 2009 WL 453118, at *2 (E.D. Cal. Feb. 23, 2009) (depositing minor's payment into insured account subject to withdrawal only upon authorization of the Court and reaching the age of eighteen); *see also Lobaton v. City of San Diego*, No. 15-cv-1416 GPC (DHB), 2017 WL 2298474, at *3 (S.D. Cal. May 26, 2017) (settlement payment placed in a blocked account for which minor's mother was to serve as trustee, with restriction that no sum could be withdrawn without a court order). Accordingly, the Court shall order supplemental briefing to provide further information on the proposed distribution.

The Court must also consider whether the terms and amount of settlement are fair and reasonable "in light of the facts of the case, the minor's specific claim and *recovery in similar cases*." *Robidoux*, 638 F.3d at 1181-82 (emphasis added). The application fails to provide any case authority

citing examples of recoveries in similar cases demonstrating the suitability of the settlement amount here as contemplated by *Robidoux*. Accordingly, the Court shall require supplemental briefing that includes supporting authority showing that the proposed compromise is fair and reasonable in light of recovery in analogous cases. *See e.g. Vasquez v. City of Stanislaus*, No. 1:19-cv-01610-AWI-SAB, 2021 WL 1734364, at *2 (E.D. Cal. March 31, 2021).

Additionally, supplemental briefing shall be required concerning the proposed costs and attorneys' fees to be awarded in connection with the representation of the minor Plaintiffs. The Court shall order supplemental briefing to address why costs and attorneys' fees in the amount of 51% of the total value of the settlement are reasonable.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within 14 days of the date of entry of this order, Plaintiffs shall file a supplemental brief addressing the aforementioned issues raised in this order.

IT IS SO ORDERED.

Dated:   **August 2, 2023**

UNITED STATES MAGISTRATE JUDGE